## STREET *v.* SWAIN *et al.*

CONTRACT—DAMAGES.—In an action upon a building contract, for extra work, the measure of damages is the price agreed upon, or, if there was no such agreement, then the reasonable value of the work, unless the extra work were done under the original contract, when the rule might be different.

APPEAL from the *Wayne* Common Pleas.

HANNA, J.—In this case the appellees, partners, sued the appellant for work and labor, and materials. Answer, that the work, &c., was performed in the erection of a house for the defendant by the appellees, as the agents and servants of one *Doan*, who had undertaken by special contract in writing to build the same, &c. 2d. General denial. 3d. That *Doan* and defendant had accounted and settled, &c. 4th. By way of counter-claim, that by reason of variance from the plan, &c., said building was 40 dollars less expensive, and that the plaintiffs failed for seven months to complete said house, wherefore, &c.

These pleadings were filed before a justice. Trial and judgment there for the defendant. On appeal to Common Pleas, judgment for the plaintiffs for 25 dollars was rendered.

It appears from the evidence that the appellant had contracted with *Doan* and had settled with him for the work done under that contract. It also appears that the original plan was not adhered to, some parts being left off, and other work not therein specified having been performed. The only question is, to whom should the appellees look for pay for the work not specified and thus performed by them? The evidence is conflicting as to whether the appellant, in directing the changes, promised to pay the plaintiff therefor; it does not show directly that the extra work was taken into consideration in the settlement between *Doan* and *Street*. These were questions for the jury.

But it is urged that the law is, on these building contracts, that the employer may, during the progress, make immaterial changes without affecting either the validity of the contract or the prices to be paid. That the changes made were not material, and the work was therefore done under the contract and settled for with *Doan*.

Whether in this proposition the law is correctly stated, we need express no opinion; for it appears to us the Court, in the instructions, plainly pointed out to the jury that *Street* was not liable for work, to the plaintiffs, unless the same was performed under a new and substantive contract with them in reference thereto.

The Court said to the jury that if there was a finding for the plaintiffs, the measure of damages would be the price agreed upon, or if there was no such agreement, then the reasonable value of the materials and work.

This is said to be wrong, because it does not direct them to ascertain the price with reference to the proportion it would bear to the contract price of the job.

This may be the rule if the extra work had been performed under the original contract, but as by the verdict of the jury, under the instructions, it was necessarily determined by them that there was a new contract with the plaintiffs, we are of opinion that the instructions were correct on that point.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. A. Bickle* and *Chas. H. Burchenal,* for the appellant.

*H. B. Payne* and *J. P. Siddall,* for the appellees.